UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,                                  **MEMORANDUM & ORDER**

    -against-                                           06-CV-4217 (NGG) (ARL)

ONE WALL STREET, INC., ET AL.,

        Defendants,

    -and-

LA SHONDRA HATTER,

        Relief Defendant.
-----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, U.S. District Judge.

On April 26, 2007, the court issued a consent judgment against Defendant Alan Brown ("Brown"), providing that Brown shall pay disgorgement of ill-gotten gains and prejudgment interest thereon as determined by the court, as well as any civil penalty assessed by the court.[1] (Docket Entry #54.) The court thereafter, on May 17, 2007, referred this matter to Magistrate Judge Arlene R. Lindsay for a hearing and Report & Recommendation ("R & R") on the amount of the ill-gotten gains, prejudgment interest thereon, and any civil penalty to be assessed. (Docket Entry #55.)

On December 12, 2007, Magistrate Judge Lindsay issued an R & R in the above-

---

[1] Brown consented to the entry of a partial judgment, "providing for permanent injunctive relief, and providing for the Court to determine the amount of disgorgement and prejudgment interest to be awarded against Brown, and to determine whether to impose a civil penalty against Brown and, if so, in what amount." (Plaintiff's Memorandum of Law in Support of Its Notice of Motion for Judgments by Default at 3) (citing Partial Judgment of Permanent Injunction and Other Relief by Consent against Alan Brown (Docket Entry # 54)).

captioned action recommending: (1) disgorgement in the amount of $95,965; (2) prejudgment interest in the amount of $13,818.15; (3) additional interest to be calculated at the IRS underpayment rate from July 1, 2006 through final judgment; and (4) the imposition of a civil penalty in the amount of $60,000.

By stipulation of the parties, the prejudgment interest should have been calculated starting on June 1, 2006, (see Partial Judgment of Permanent Injunction and Other Relief by Consent Against Alan Brown at 4), but the SEC provided a miscalculation to Magistrate Judge Lindsay, which she relied upon in her R & R.  By the declaration of Neil Hendelman, a staff accountant in Plaintiff Securities and Exchange Commission's ("SEC") Division of Enforcement, Plaintiff states that the amount of prejudgment interest on the disgorgement from Brown should have been $12,107.18, not $13,818.15.  (Declaration of Neil Hendelman Re Amount of Prejudgment Interest dated January 2, 2008 (Docket Entry #80).)  Appendix A to Hendelman's declaration calculates prejudgment interest based on the amount of disgorgement recommended by Magistrate Judge Lindsay ($95,965) from June 1, 2006 through January 2, 2008, using the calculator provided by the SEC's Division of Enforcement.  Having reviewed the calculations contained in the Hendelman Declaration, the court agrees that the proper amount of prejudgment interest on the disgorgement from Brown from June 1, 2006 through January 2, 2008 should be $12,107.18.

In reviewing an R & R, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  In order to accept a Magistrate Judge's R & R where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160

F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Defendant has filed no objections to the R & R.

This court has reviewed the R & R and is satisfied that there is no clear error on the face of the record, other than the miscalculation of the amount of prejudgment interest based on the disgorgement. Accordingly, the court hereby orders: (1) disgorgement in the amount of $95,965; (2) prejudgment interest in the amount of $12,107.18; (3) additional interest to be calculated at the IRS underpayment rate from January 2, 2008 through final judgment; and (4) the imposition of a civil penalty in the amount of $60,000. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: January 3, 2008  /s Nicholas G. Garaufis
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
        United States District Judge