UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION, :

                         Plaintiff,

              - against -

ONE WALL STREET, INC., ET AL.,

                      Defendants,

              - and -

LA SHONDRA HATTER,

                  Relief Defendant.

No. 06 Civ. 4217 (NGG/ARL)

**FINAL JUDGMENT
AS TO DEFENDANT
ALAN BROWN**

The plaintiff Securities and Exchange Commission (the "Commission") having filed a

Complaint and the defendant Alan Brown (the "Defendant") having entered a general

appearance, and having consented to the Court's jurisdiction over Defendant and the subject

matter of this action; the Court having entered a Partial Judgment of Permanent Injunction and

Other Relief by Consent Against Alan Brown on May 22, 2007; the Court having entered an

order that Magistrate Judge Arlene Lindsay make a report and recommendation on the amount of

disgorgement, prejudgment interest, and civil penalty to be imposed upon the Defendant; and

such Report and Recommendation having been filed on December 12, 2007, the Commission

having served a copy of the Report and Recommendation upon all defendants and having filed

proof of service with the Court, the Commission having filed a supplemental declaration of

prejudgment interest from May 31, 2007 to and including January 2, 2008, and no objection

having been filed to the Report and Recommendation:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judge Lindsay's report and recommendation is hereby adopted by the Court, and Defendant is liable for disgorgement in the amount of $95,965, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,107.18, and a civil penalty in the amount of $60,000 pursuant to Section 20(d) of the Securities Act of 1933, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $168,072.18 within ten business days to the Clerk of this Court, together with a cover letter identifying Alan Brown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is being made pursuant to this Final Judgment. Defendant shall simultaneously send a photocopy of such letter and payment to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in and to such funds, and no part of such funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds in an interest bearing account with the Court Registry Investment System ("CRIS") or other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to

deduct from the income earned on the money in the Fund a fee equal to ten percent of the money earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Funds provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid a civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action argue that he is entitled to, nor shall he further benefit from, offset or reduction of such compensatory damages award by the amount of any part of the Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For the purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense.

The Commission may enforce the Court's judgment for civil penalty pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.*

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all of the provisions of the Partial Judgment of Permanent Injunction and Other Relief by Consent Against Alan Brown entered on May 22, 2007 shall remain in full force and effect.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:      Brooklyn, New York
            January _3_, 2008

s/Nicholas G. Garaufis

UNITED STATES DISTRICT JUDGE

-4-