D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

ONE WALL STREET, INC., et al.,

                Defendants.

-and-

LA SHONDRA HATTER,

                Relief Defendant.

**MEMORANDUM & ORDER**

06-cv-4217 (NGG) (ARL)

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Securities and Exchange Commission ("S.E.C.") obtained a default judgment against defendants One Wall Street, Inc. ("One Wall Street"), Donte C. Jarvis ("Jarvis"), Willis "Bill" White, III ("White"), Cecile Baptiste (a/k/a John Latorri) ("Baptiste/Latorri") and relief defendant La Shondra Hatter ("Hatter") in this action (collectively, the "Non-Settling Defendants," and together with Alan Brown, the "Defendants"). (See Docket #s 26, 48, 50-52 (entering default against each Non-Settling Defendant).) Defendants perpetrated a fraudulent scheme targeting senior citizens and inducing at least 64 investors to purchase One Wall Street stock on the basis of blatantly false representations, while defendant Jarvis used the investors' funds as a "personal piggy bank" to benefit himself and the other Defendants. (Docket # 1, Compl. ¶ 1.) On October 24, 2007, I referred this matter to Magistrate Judge Lindsay for an inquest to determine the amounts to be disgorged by each of the Non-Settling Defendants, as well as prejudgment interest and any civil penalties. (See Docket # 72.) Judge Lindsay issued a

1

Report and Recommendation ("R & R") on September 4, 2008, recommending that (1) One Wall Street and Jarvis should be jointly and severally liable for disgorgement of $1,925,620; (2) White should be jointly and severally liable with One Wall Street and Jarvis for disgorgement of $1,000; (3) Baptiste/Latorri should be jointly and severally liable with One Wall Street and Jarvis for disgorgement of $198,619.80; and (4) Hatter should be jointly and severally liable with One Wall Street and Jarvis for disgorgement of $166,570.80. (Docket # 89.) Judge Lindsay further recommended that each of the Non-Settling Defendants be held liable for prejudgment interest in an amount to be submitted by the plaintiff, and that a third-tier civil money penalty be imposed in the following allocation: One Wall Street in the amount of $1,925,620; Jarvis in the amount of $1,925,620; White in the amount of $30,000; and Baptiste/Latorri in the amount of $198,619.08. (Id.)

No party has filed an objection to Judge Lindsay's R & R. The ten-day period for doing so has expired. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). This court therefore "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983 addition); see also CSI Inv. Partners II, L.P. v. Cendant Corp., 180 F. Supp. 2d 444, 447 (S.D.N.Y. 2001); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (a district court may accept a R & R if it is "not facially erroneous").

Upon review of the R & R, the court is satisfied that there is no clear error on the face of the record. In determining the disgorgement amounts, Judge Lindsay has "ensure[d] that those guilty of securities fraud do not profit from their ill-gotten gains" by carefully assessing the detailed documentary evidence of checks, bank records, and investor testimony set forth by the S.E.C, as well as weighing each defendant's individual culpability. S.E.C. v. Wang, 944 F.2d

80, 81 (2d Cir. 1991). Prejudgment interest is warranted for the reasons articulated in Judge Lindsay's R & R, particularly in order to prevent these defendants "from obtaining the benefit of what amounts to an interest free loan procured as a result of illegal activity." S.E.C. v. Roor, No. 99 Civ. 3372 (HB), 2004 WL 1933578, at *10 (S.D.N.Y. Aug. 30, 2004) (internal citation omitted). Lastly, the third-tier civil penalties levied in the R & R are appropriate given the unabashed "fraud, deceit, [and] manipulation" exhibited in this case along with the magnitude and repetition of the scheme and the significant risk that Defendants have caused substantial losses to other persons. 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii); see also S.E.C. v. Opulentica, LLC, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007) (reviewing factors for consideration in assessment of civil penalties). Generally, Judge Lindsay has recommended civil penalties corresponding to the unjust enrichment of each defendant. While the amount of the civil penalty imposed on White exceeds the evidence of his direct personal gains from the fraud, the $30,000 penalty is commensurate with White's level of wrongdoing. White caused losses of approximately $97,000.00 by selling One Wall Street stock to at least five unwitting investors on the basis of completely false representations. (See R & R at 16.) Such penalties are necessary here to punish and deter the outrageous conduct of these defendants. See, e.g., Opulentica, 479 F. Supp. 2d at 331.

Therefore, this court adopts Judge Lindsay's R & R and notes that, by their failure to object, the parties have waived further judicial review of this Order. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The court orders each Non-Settling Defendant to disgorge the amounts calculated by Judge Lindsay, as well as to pay the

civil penalties set forth in the R&R. Further, the court orders each Non-Settling Defendant to pay prejudgment interest in the following amounts: $526,379.03 owed by One Wall Street, jointly and severally with Jarvis; $275.94 owed by White, jointly and severally with One Wall Street and Jarvis; $47,895.44 owed by Baptiste/Latorri, jointly and severally with One Wall Street and Jarvis; and $32,122.07 owed by Hatter, jointly and severally with One Wall Street and Jarvis. (See Docket #93, Decl. of Neil Hendelman, dated October 27, 2008 (calculating per diem prejudgment interest in accordance with Judge Lindsay's R & R); see also Docket #94, Second Supp. Decl. of Neil Hendelman, dated November 19, 2008.)

The Clerk of Court is directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 26, 2008

NICHOLAS G. GARAUFIS
United States District Judge